**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JANEA ROYBAL,

      Plaintiff,

vs.                                    No. 10-cv-00836-JAP-RLP

STATE OF NEW MEXICO
TAXATION AND REVENUE
DEPARTMENT, and

PHILIP SALAZAR, LYNETTE
TRUJILLO, and SHANNON
BAXTER, individually and in their
official capacities,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

On September 14, 2010 Plaintiff Janea Roybal filed a First Amended Complaint For

Wrongful Termination Of Employment, For Discrimination In Employment, For Violation Of

Civil Rights Under Color Of State Law, And Appeal From Decision Of The New Mexico State

Personnel Board (Complaint) (Doc. No. 10).  In her Complaint, Roybal alleged that Defendant

the State of New Mexico Taxation and Revenue Department (the Department) discriminated

against Roybal on account of her gender in violation of the New Mexico Human Rights Act and

Title VII of the Civil Rights Act.  Roybal further alleged that Defendants Philip Salazar, Lynette

Trujillo, and Shannon Baxter (the Individual Defendants)[1] wrongfully discharged Roybal in

violation of Roybal's due process and equal protection rights. In addition, Roybal sought review

---

[1]Throughout this opinion, the Department and the Individual Defendants will be
collectively referred to as Defendants where the Court is discussing matters applicable to both
the Department and the Individual Defendants.

of an adverse decision of the New Mexico State Personnel Board under NMSA 1978, § 10-9-18(G) (2009).

On December 20, 2010 Defendants filed a Motion to Dismiss Counts I, II, And IV Of First Amended Complaint For Failure To State A Claim And On The Ground Of Qualified Immunity (Motion to Dismiss) (Doc. No. 21).  Defendants contend that Roybal failed to state any claims for which relief can be granted and, alternatively, that the claims against the Individual Defendants are barred by qualified immunity.  Roybal filed a Response To Motion To Dismiss Counts I, II, And IV Of First Amended Complaint For Failure To State A Claim And On The Ground Of Qualified Immunity (Response) (Doc. No. 23) on January 3, 2011 and Defendants filed a Reply In Support Of Motion To Dismiss Counts I, II, And IV Of First Amended Complaint For Failure To State A Claim And On The Ground Of Qualified Immunity (Reply) (Doc. No. 29) on January 31, 2011.  Having considered the arguments of both parties as well as the applicable law, the Court concludes that summary judgment should be granted in favor of Defendants on Counts I, II, and IV and that Count III should be remanded to state court.

## BACKGROUND

In 2007, Roybal applied for a customer service position with the Department.[2] As part of the application process, Roybal filled out and signed an interview guide which required Roybal to respond to a number of questions.  One of the questions on the interview guide was "have you ever been arrested for driving while intoxicated?"  (Doc. No. 22-1 at 1).  Roybal checked "no" in

_____

[2] Lynette Trujillo, the human resources bureau chief at the Department, provided a detailed account of Roybal's employment history as well as a number of documents that support that account in an affidavit Defendants submitted in support of their Motion to Dismiss. Affidavit of Lynette Trujillo (Doc. No. 22). Because Roybal does not dispute Trujillo's account of the events leading up to Roybal's termination, the Court's description of the facts in this case is based on Trujillo's Affidavit and the documents attached to the affidavit.

2

response to that question.  In addition to completing the interview guide, Roybal also signed an employment statement in which she certified that she had not made any willful misrepresentations when she filled out the interview guide.  By signing the employment statement, Roybal also affirmed her understanding that if a background investigation revealed that Roybal had falsely answered any of the questions on the interview guide, she would be dismissed from her position.  Roybal was hired for the customer service position in July 2007.

In 2008, Roybal applied for a promotion within the Department.  As part of the application process for the promotion, Roybal again filled out an interview guide and again answered "no" in response to the question of whether she had ever been arrested for DWI.  The question had been slightly modified since Roybal's 2007 application and instructed applicants to "answer 'yes' even if the case was dismissed."  Doc. No. 22-1 at 5.  In addition, the modified form had a separate question regarding whether the applicant had ever been convicted of DWI and instructed applicants to "describe the disposition of each case involving an arrest" in the event that the applicant had been arrested but not convicted. *Id.*  Roybal did not respond to this question and did not describe the disposition of her DWI arrest.  As with her initial application for employment, Roybal again signed a statement affirming that her answers were truthful and acknowledging that she knew she could be subject to discipline, including termination, for falsely answering a question on the interview guide. Roybal was ultimately promoted to the position for which she had applied.

In 2009, Roybal applied for another promotion and again answered "no" when asked whether she had ever been arrested for a DWI.  As a part of the application process for this new promotion, the Department conducted a background check of Roybal's MVD records. Those records revealed that Roybal had been arrested for DWI in May 2004.  The Department then

obtained a copy of the Albuquerque Police Department's police report from Roybal's arrest and confirmed that Roybal had been stopped for driving the wrong way on a one-way street and that Roybal had a blood alcohol content of 0.13/0.11.  As a result of that stop, Roybal was arrested for DWI and her car was towed and impounded. In conjunction with obtaining the police report related to Roybal's arrest, the Department also obtained records from the Bernalillo County Metropolitan Court that revealed that the charges against Roybal had been dismissed because the state was not prepared for trial. Thus, Roybal was never convicted of the DWI for which she was arrested.

Because Roybal had represented on three separate occasions that she had never been arrested for DWI despite having actually been arrested for DWI, the Department sent Roybal a Notice of Contemplated Action in June 2009 that informed Roybal of the Department's intent to dismiss her from her position. The Notice informed Roybal that she had violated the Department's policy regarding the falsification of employment records.  The Notice also informed Roybal that she had the right to respond either orally or in writing.  Roybal requested and appeared at an oral response meeting in July 2009.  At the meeting, Roybal admitted that she had been arrested for DWI, but asserted that she thought she did not have to answer "yes" because the charge had been dismissed.

Following the meeting, the Department sent Roybal a Notice of Final Action terminating Roybal's employment with the Department and advising Roybal of her right to appeal her dismissal to the State Personnel Board.  Roybal appealed her dismissal to the State Personnel Board which upheld the dismissal after concluding that the Department had just cause to terminate Roybal's employment. Roybal then filed a complaint for wrongful termination in state court, alleging that the Individual Defendants had violated Roybal's civil rights and that the

Individual Defendants had wrongfully terminated Roybal.  *See* Notice of Removal (Doc. No. 1).

In addition, Roybal's state court complaint contained an appeal of the Personnel Board's

decision to uphold the Department's decision to terminate Roybal. Roybal's state court

complaint did not assert any cause of action against the Department, although the Department

was listed as a defendant. Defendants then removed Roybal's state court complaint to federal

court and Roybal subsequently filed her Complaint in which she added a claim of gender

discrimination against the Department.

　　　　The Defendants then filed their Motion to Dismiss, arguing that Counts I, II, and IV

should be dismissed for failure to state a claim for which relief could be granted.  The Individual

Defendants also argued that summary judgment should be granted on their behalf on the basis of

qualified immunity.  In Response, Roybal argues that she plead sufficient factual information in

her Complaint to survive a motion to dismiss and that the Individual Defendants are not entitled

to qualified immunity because they acted in violation of clearly established law.

**DISCUSSION**

**I.  Standard of Review**

　　　　The Defendants seek two separate forms of relief in their Motion to Dismiss.  First,

Defendants argue that Roybal's Complaint should be dismissed under Rule 12(b)(6) for failure

to state a claim for which relief can be granted.  Second, the Individual Defendants argue that

summary judgment should be granted in their favor on the ground of qualified immunity.  In

support of the qualified immunity component of its Motion to Dismiss, the Department

submitted a number of exhibits including an affidavit of one of its human resources employees

and a number of documents related to Roybal's termination and her administrative appeal of her

termination.  *See* Affidavit of Lynette Trujillo (Doc. No. 22).  Because Defendants only

5

submitted additional materials to support their claim of qualified immunity, the Court conceivably could have analyzed the claim for qualified immunity under the standards applicable to Rule 56 motions for summary judgment while separately considering Defendants' arguments that Roybal had failed to state a claim under the standards applicable to Rule 12(b)(6) motions.  However, Roybal attached a number of exhibits to her Response in support of both her argument that summary judgment should not be granted on the grounds of qualified immunity *and* her argument that her Complaint should not be dismissed for failure to state a claim for which relief can be granted.  Consequently, Defendants attached a number of exhibits to their Reply to counter Roybal's argument that her Complaint should not be dismissed.  As the Tenth Circuit has made clear,  "on a Rule 12(b)(6) motion, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks omitted). Because the parties submitted for the Court's consideration materials outside the pleadings in Roybal's Complaint, Defendants entire Motion to Dismiss is deemed to be a motion for summary judgment.  *See Building and Const. Dept. v. Rockwell Intern. Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993) (noting that where a plaintiff, in a response, is the first to submit materials outside of the pleadings to the court, the plaintiff has no legitimate claim that he or she lacked notice that a motion to dismiss has been converted to a motion for summary judgment).

Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party on the issue" and "[a]n issue of fact is

material if under the substantive law it is essential to the proper disposition of the claim."

*Thomas v. Metropolitan Life Ins. Co.*, No. 09-6207, ___ F.3d ___, 2011 WL 310471, *4 (10th

Cir. Feb. 2, 2011). In reviewing a motion for summary judgment, the Court views "the evidence

and its reasonable inferences in the light most favorable to the non-movant."  *Id.*

## II. Roybal's Claim Against the Department of Taxation

The only claim that Roybal has asserted against the Department is the claim that the

Department discriminated against Roybal on account of her gender by wrongfully terminating

Roybal's employment.  In support of this claim, Roybal alleged that "[s]imilarly situated males

were not wrongfully terminated from their jobs during the relevant time period."  In her

Response, Roybal contends that her gender discrimination claim is supported by the fact that a

male employee was not discharged for making a false statement on an application—the same

offense for which Roybal was terminated.  Response at 12.  Roybal contends that "a reasonable

jury might believe that . . . the circumstances where a male [employee] was not punished for

similar misstatements show gender discrimination." *Id.* at 13.

In determining whether summary judgment is appropriate with respect to a claim for

gender discrimination under Title VII, the Court applies the burden-shifting scheme of

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas*

framework, Roybal must first "establish a prima facie case of discrimination." *Reeves v.

Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). The burden then shifts to the

Department to show that the adverse employment action taken against Roybal was for a

legitimate, nondiscriminatory reason. *See id.*  If the Department can show that Roybal was fired

for a legitimate, nondiscriminatory reason, the burden then shifts back to Roybal to show that the

Department's stated reasons for terminating Roybal "were not its true reasons, but were a pretext

for discrimination." *Id.* (quotation marks omitted).

To establish a prima facie case of gender discrimination, Roybal is required to "demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment amongst similarly situated employees." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). Roybal's burden at this early stage of the litigation is not onerous, and she need only show "that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000) (quotation marks omitted). Because Roybal is a member of a protected class and because termination is an adverse employment action, the only contested element of Roybal's prima facie case is whether the Department treated Roybal differently from similarly situated employees.

In order to establish a prima facie case of gender discrimination, a plaintiff must provide a "factual bases for the inference that others were treated differently." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). While the "burden imposed on a plaintiff at the prima facie stage is not onerous" and the inference of discrimination can be relatively weak and based on a small amount of proof, there must be *some* evidence to support an inference of discrimination. *See E.E.O.C. v. Horizon/CMS HealthCare Corp.*, 220 F.3d 1184 (10th Cir. 2000). Self-serving or conclusory statements are not sufficient to meet this requirement. *See Murray*, 45 F.3d at 1422.

In her Complaint, Roybal alleged that "[s]imilarly situated males were not wrongfully terminated from their jobs during the relevant time period." Complaint at 4. Roybal did not allege any facts in support of this allegation nor did Roybal otherwise support this assertion in any way. In her Response, Roybal again alleges that "another employee, a union steward who is

8

male, was not discharged for the same or similar conduct of making a false statement on an application." As evidence of this, Roybal directs the Court to the charge of discrimination Roybal filed with the New Mexico Department of Workforce Solutions, Human Rights Bureau where Roybal stated that "[a] male co-worker (Jose) who works as the union steward also lied on his application and was not terminated." Response Ex. J (Doc. No. 23-10). Thus, rather than offering factual evidence that a male employee was treated differently, Roybal is impermissibly directing the Court to another document where Roybal makes the same self-serving and conclusory statement that she made in her Complaint and her Response. *See Gross v. Burggraf Const. Co*., 53 F.3d 1531, 1537 (10th Cir. 1995) (noting that the nonmoving party "may not rest upon the mere allegations or denials of his or her pleading") (quotation and alteration marks omitted). Because unsworn, self-serving and conclusory statements are not sufficient to overcome a motion for summary judgment, and because Roybal has not presented *any* other evidence to support her assertion that male employees were treated differently, the Court concludes that Roybal has failed to establish the existence of any disputed issue of material fact that would give rise to an inference supporting a prima facie case of gender discrimination. *See Wethrill v. Bank IV Kansas, N.A.*, 145 F.3d 1187 (10th Cir. 1998) (noting that the "party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts sufficient to raise a genuine issue for trial as to the elements of the non-moving party's case" and that the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts"). Because Roybal has failed to establish the existence of a prima facie case of gender discrimination, the Court concludes that the Department is entitled to a judgment as a matter of law and that summary judgment should be granted in favor of the Department.

Even if the Court were to assume that Roybal has somehow satisfied her burden of establishing a prima facie case of gender discrimination despite Roybal's failure to provide *any* factual support for her allegation, the Department has produced evidence that its termination of Roybal was based on a legitimate non-discriminatory reason.  *See Reeves*, 530 U.S. at 142 (noting that the employer's burden is "one of production, not persuasion").  According to Lynette Trujillo, the Human Resource Bureau Chief of the Department of Taxation, Roybal was fired for willfully falsifying an employment application because, when asked whether she had ever been arrested for DWI, Roybal checked "no" despite having actually been arrested for a DWI. *See* Affidavit of Lynette Trujillo (Doc. No. 22).  As a result of Roybal's failure to disclose her DWI arrest, the Department terminated Roybal for willful falsification of an employment document in accordance with the Department's policy of terminating employees who falsify their applications for employment. Because Roybal was terminated for falsifying an application for employment, the Department has demonstrated a legitimate, nondiscriminatory basis for Roybal's termination.

Since the Department identified a legitimate, nondiscriminatory basis for termination, the burden then shifts back to Roybal to demonstrate that the Department's stated reason for termination was pretextual. "A plaintiff establishes pretext by revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1197.  Roybal does not directly address this element of her burden. It appears that the only thing Roybal could proffer to support an assertion that the Department's actions were pretextual is Roybal's unsupported claim that a similarly situated male employee lied on his application and was not terminated.  As the Court has already noted, Roybal did not produce *any* evidence to support this claim and therefore

Roybal likewise has failed to present any evidence that would suggest that the Department's reason for terminating Roybal was pretextual.

Further, to the extent that Roybal's unsupported assertion that a similarly situated male employee was treated differently could be construed as an attempt to establish pretext, the Department has submitted uncontroverted evidence that that employee was not similarly situated. According to Lynette Trujillo, "Jose,"[3] the individual identified by Roybal as having lied on an employment application, was investigated for answering "yes" when asked if he had a valid driver's license when, in fact, he did not have a valid driver's license. *See* Supplemental Affidavit of Lynette Trujillo (Doc. No. 29-1). In investigating the apparent misstatement on the application, the Department discovered that Jose had not been notified that his driver's license had been suspended. The Department concluded that Jose therefore did not willfully make a false statement because he was unaware that he did not have a valid license when he answered the question.  This is in sharp contrast to the Department's finding that Roybal knew she had been arrested for a DWI and the Department's conclusion that her repeated failure to disclose the arrest was willful.  Roybal does not dispute the Department's assertion that Jose did not willfully falsify his employment application, and Jose therefore is not a similarly situated employee. Because Jose was not a similarly situated employee, the Court concludes that even if Roybal had established a prima facie case for gender discrimination, Roybal has failed to establish that the Department's legitimate reason for terminating Roybal was pretextual.

Because Roybal failed to establish a prima facie case for gender discrimination, because the Department identified a legitimate, non-discriminatory reason for terminating Roybal, and

---

[3] Trujillo identified the employee as Jose Martinez, a union steward who Roybal had identified as being a similarly situated employee in a prior proceeding related to Roybal's termination. *See* Supplemental Affidavit of Lynette Trujillo (Doc. No. 29-1)

because Roybal failed to present any evidence suggesting that the Department's reason was pretextual, the Court concludes that the Department is entitled to a judgment as a matter of law and that summary judgment should be granted in favor of the Department with respect to Roybal's gender discrimination claim.

## III. Roybal's Claims Against the Individual Defendants

In her Complaint, Roybal asserted two claims against the Individual Defendants: a claim for the alleged violation of Roybal's due process and equal protection rights and a claim for wrongful termination.  The Individual Defendants assert that summary judgment should be granted in their favor because the Department provided Roybal with adequate process before terminating her, Roybal has failed to present any evidence that she was treated differently than similarly situated male or non-hispanic employees, and Roybal was not an at-will employee and therefore cannot assert a claim for wrongful termination.  In addition, the Individual Defendants contend that they are entitled to qualified immunity and that they are therefore entitled to summary judgment.

### A.  Due Process

The Individual Defendants contend that they are entitled to summary judgment on Roybal's due process claim for a number of reasons.  First, the Individual Defendants state that Roybal's "due process claim is not viable because New Mexico law provided [Roybal] with adequate process, including notice of the alleged infraction and a meaningful opportunity to respond."  Motion to Dismiss at 7.  According to the Individual Defendants, Roybal received a notice that the Department intended to terminate her, had an opportunity to respond, and was then terminated.  After her termination, Roybal appealed to the State Personnel Board and was afforded a full evidentiary hearing at which she was represented by counsel.  In addition, Roybal has appealed the State Personnel Board's decision in accordance with state law.  Because Roybal

12

had a number of opportunities to respond to the notice of termination and subsequent

termination, the Individual Defendants assert that they are entitled to summary judgment on

Roybal's due process claim.

Ln her Response, Roybal does not dispute that she was given adequate process before and

after her termination, nor does Roybal contend that her due process claim is substantive, rather

than procedural. Instead, Roybal contends that the due process violation is the result of the

Department considering the fact that Roybal was also cited for marijuana possession when she

was arrested for DWI.  In support of her argument, Roybal directs the Court to a number of

references to marijuana in Lynette Trujillo's Affidavit and the accompanying exhibits.  Contrary

to Roybal's argument, however, there is no evidence in either the affidavit or the attached

exhibits indicating that the Department terminated Roybal for possession of marijuana.  While

Trujillo noted in her Affidavit that the police report regarding Roybal's DWI arrest indicated that

Roybal was also charged with possession of marijuana, the information about the marijuana

citation is simply a description of the information that was contained in the police report. The

basis of Roybal's termination, as Trujillo explicitly pointed out, was that Roybal willfully failed

to report that she had been arrested for DWI. Roybal has not presented any evidence that puts the

Department's stated reason for her termination in question.

Further, even if the Department *had* considered the marijuana possession charge when it

terminated Roybal, summary judgment would still be appropriate. As the Court has already

noted, under Rule 56, summary judgment is appropriate "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable

jury could return a verdict for the non-moving party on the issue" and [a]n issue of fact is

material if under the substantive law it is essential to the proper disposition of the claim."

13

*Thomas,* 2011 WL 310471, \*4.  Here, even if the Court were to assume that Roybal had presented evidence to support her assertion that the Department improperly considered her marijuana possession, this issue is not material as it is not essential to the proper disposition of Roybal's claim.

Roybal does not dispute that she willingly failed to disclose her prior DWI arrest when she applied for a promotion.  Roybal also does not dispute that the Department was entitled to terminate her employment for her dishonesty, nor does she assert that the Department did not provide Roybal with adequate process in terminating her on the basis of her dishonesty.  Because Roybal's dishonesty formed an independent basis for her termination, summary judgment is appropriate because Roybal would have been terminated for dishonesty, even in the absence of her marijuana possession.

The Department undisputedly gave Roybal notice that she was going to be terminated and an opportunity to respond. The Department then held an evidentiary hearing, at which Roybal was represented by counsel, allowing Roybal to again present her case against termination.  Roybal does not contend that this process was inadequate, and the Court therefore concludes that summary judgment should be granted in favor of the Individual Defendants with respect to Roybal's due process claim.  *See Pitts v. Bd. of Educ. of U.S.D. 305, Salina, Kansas,* 869 F.2d 555, 557 (10th Cir. 1989) (holding that unless state law fails to afford [a plaintiff] due process, [the plaintiff] has no federal constitutional claim to begin with").

## B. The Employee Privacy Act

In her Response, Roybal asserts that "[t]here is also a question as to whether or not the questions in the application regarding arrests, as opposed to convictions, . . . were proper." Response at 10.  Roybal contends that "New Mexico has an Employee Privacy Act . . . that protects employees from invasions of privacy by employers" and that it is unreasonable to

14

require an employee to divulge an arrest when the employee was never convicted.  Roybal also

asserts that New Mexico courts have recognized a right to privacy in the workplace.  Because

Roybal has not explicitly argued that the questions on the Department's application for

employment are unconstitutional, it is unclear how the privacy argument Roybal is making for

the first time in her Response relates to the allegations in her Complaint. Roybal may be

attempting to claim that she has a right to privacy that protects her from disclosing her prior

DWI arrest and that by asking her whether she had ever been arrested, the Department violated

Roybal's substantive due process rights. However, neither the statute nor the caselaw that

Roybal cites creates a privacy interest that precludes an employer from asking whether an

employee has been arrested for DWI.

The New Mexico Employee Privacy Act, which Roybal contends protects employees

from invasions of privacy by employers, is a narrowly worded statute that makes it unlawful for

an employer to "refuse to hire or to discharge any individual, or otherwise disadvantage any

individual . . . because the individual is a smoker or nonsmoker."  NMSA 1978, § 50-11-3

(1991).  Because the statute applies only to the smoking status of an employee, the statute has

absolutely no applicability to whether an employer can ask an employee about a prior arrest.[4]

---

[4] Roybal references the Employee Privacy Act twice—first in her assertion that the Act "protects employees from invasions of privacy by employers" and again in her assertion that the Individual Defendants are not entitled to qualified immunity because "the New Mexico Employee Privacy Act should be well known to the Defendants because they are professional administrators."  Response at 10 and 14.  Given that the statute is explicitly and exclusively only applicable to smoking, the Court questions how Roybal's counsel can, in good faith, argue that the statute extends to questions about prior DWI arrests, especially given the fact that arrest and court records are public records.  Aside from the title of the Act, there is nothing in the Act that even creates an inference that employees have a privacy right to not disclose DWI arrests. The Court cautions counsel that such an argument appears to run afoul of Rule 11. *See White v. General Motors Corp.*, 908 F.2d 675 (10th Cir. 1990) (noting that an attorney violates Rule 11 when no reasonable, competent attorney would have a good faith belief in the merit of the argument).

The New Mexico Supreme Court decision that Roybal relies on for further support of her right to privacy claim, *Garrity v. Overland Sheepskin Co. of Taos*, 121 N.M. 710, 917 P.2d 1382 (1996), is similarly inapplicable.  In *Garrity*, the New Mexico Supreme Court addressed whether an employer who terminates an employee for reporting drug activity of another employee violates public policy.  The case did not address the privacy interests of employees, and certainly did not broadly hold, as Roybal contends, that employees have a privacy interest in not disclosing a prior DWI arrest.

Because neither the statute nor the case law that Roybal cites has any bearing on whether an employee has a privacy interest in not disclosing prior DWI arrests, the Court concludes that to the extent Roybal has alleged a substantive due process claim, summary judgment should be granted in favor of the Individual Defendants on that claim.

**C. Equal Protection**

As the Court has already explained in the context of Roybal's gender discrimination claim against the Department, Roybal has failed to present any evidence that she was treated differently than a similarly situated employee.  Since Roybal is not asserting a class-of-one equal protection claim, the Court's analysis of Roybal's gender discrimination claim is dispositive. *See Orr*, 417 F.3d at 1151, n.6 (noting that a class-of-one equal protection claim is analyzed differently than a gender discrimination claim).  Consequently, summary judgment should be granted in favor of the Individual Defendants with respect to Roybal's equal protection claim.

**D. Wrongful Termination**

The Individual Defendants contend that summary judgment should be entered on Roybal's wrongful discharge claim because under New Mexico law, the wrongful discharge cause of action is available only to at-will employees and Roybal was not an at-will employee.

16

Roybal did not respond to this argument in her Response, and she therefore appears to concede the issue.  *See* D.N.M.LR-Civ. 7.1(b) (providing that "[t]he failure of a party to file and serve a response in opposition to a motion . . . constitutes consent to grant the motion").  The Court nonetheless will briefly address Defendants' argument. *See Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002) (noting that if a party fails to respond to a motion for summary judgment, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law").

In New Mexico, the tort of wrongful or retaliatory discharge is "a narrow exception to the terminable at-will rule" and the cause of action is therefore available only to at-will employees. *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 106 N.M. 19, 20, 738 P.2d 513, 515 (1987).  "[I]f an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable."  *Id.* Thus, a plaintiff who is not an at-will employee cannot pursue an action for the tort of retaliatory discharge.  *Silva v. American Federation of State, County and Mun. Employees*, 2001-NMSC-038, ¶ 21, 131 N.M. 364, 37 P.3d 81 (2001).

Roybal does not dispute that, as a state employee, she was not an at-will employee.  Nor does Roybal dispute that her employment with the state was governed by the Personnel Act, NMSA 1978, § 10-9-1 to -25. Because Roybal was undisputedly not an at-will employee, and because the tort of wrongful discharge is available only to at-will employees, the Court concludes that summary judgment should be granted in favor of the Individual Defendants with respect to Roybal's claim for wrongful discharge.

**E. Qualified Immunity**

In addition to arguing that summary judgment should be granted on the merits of Roybal's claims, the Individual Defendants argue that they are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions are not liable for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Deutsch v. Jordan*, 618 F.3d 1093, 1098 (10th Cir. 2010) (quotation marks omitted). In order to overcome a motion for summary judgment on the grounds of qualified immunity, a plaintiff "must clear two hurdles," the first of which is that the plaintiff must "show a violation of federal constitutional or statutory rights." *Id.* at 1099. If a plaintiff shows a violation of federal rights, the plaintiff must then show that a reasonable public official would have known that his or her conduct was illegal. *Id.*

Here, Roybal has alleged that the Individual Defendants violated her constitutional rights to due process and equal protection.  As the Court has already discussed in detail, Roybal has failed to demonstrate the existence of any disputed issue of material fact with respect to her claims for due process and equal protection. Roybal has therefore failed to demonstrate that her federal constitutional rights were violated, and the Court need not address the second prong of the qualified immunity test.  Because Roybal has failed to meet her burden by offering evidence from which a reasonable jury could infer that the Individual Defendants violated Roybal's clearly established statutory or constitutional rights, the Court concludes that summary judgment should also be granted in favor of the Individual Defendants on the ground of qualified immunity.

**III. Roybal's Remaining Claim Will Be Remanded to State Court**

Having concluded that summary judgment should be entered in Defendants' favor on

Counts I, II, and IV, the only remaining claim is Count III, Roybal's appeal from the decision of

the New Mexico Personnel Board.  In her Complaint, Roybal appealed "to the District Court

from an adverse decision of the New Mexico State Personnel Board, as authorized pursuant to

NMSA 1978, §10-9-18 and §39-3-1.1."  Complaint at 6.  The parties do not address Count III in

their briefs, and they appear to presume that if summary judgment on the other counts is entered

in favor of Defendants, Count III will still be tried in this Court.

Following her termination, Roybal appealed her termination to the New Mexico

Personnel Board as she was permitted to do under NMSA 1978, §10-9-18 (2009).  Under

Section 10-9-18(G), "[a] party aggrieved by the decision of the board . . . may appeal the

decision to the district court pursuant to the provisions of [NMSA 1978, §39-3-1.1]." Section 39-

3-1.1(C) permits a party to seek review in "the district court for the county in which the agency

maintains its principal office or the district court of any county in which a hearing on the matter

was conducted."  In reviewing the Personnel Board's decision, the state district court sits in an

appellate capacity, reviews only the record of the hearing before the Personnel Board, and can

only reverse the Personnel Board's decision if it determines that: "(1) the agency acted

fraudulently, arbitrarily or capriciously; (2) the final decision was not supported by substantial

evidence; or (3) the agency did not act in accordance with law." *Id.* at Section 39-3-1.1(D);

Section 10-9-18 (C) (providing that the Personnel Board is required to make a record of the

hearing "which shall be transcribed if there is an appeal to the district court"); and *Maso v. State*

*of New Mexico Taxation and Revenue Dept., Motor Vehicle Division*, 2004-NMCA-025, ¶16,

135 N.M. 152, 85 P.3d 276 (noting that "when the district court sits as an appellate tribunal . . . it

is limited to consideration of the record below"). The state district court is governed by rules adopted by the New Mexico Supreme Court when sitting in this appellate capacity and a party can only seek review of the district court's decision by "filing a writ of certiori with the court of appeals." Section 39-3-1.1(E) and (G).

Roybal does not assert that the Personnel Board violated any federal right or statute nor does Roybal assert a federal cause of action in Count III.  Instead, Roybal only seeks appellate review of the Board's decision as authorized by New Mexico law. Because Roybal is appealing the decision of state agency under a statute that allows an appeal to a state district court, the Court concludes that Count III of Roybal's complaint raises a question purely of state law. Under the supplemental jurisdiction statute, United States District Courts have supplemental jurisdiction over claims involving purely state-law issues when the state law claims "are so related to claims in the action within [the] original jurisdiction [of the Court] that they form part of the same case or controversy." 28 U.S.C. §1367(a). However, where "the district court has dismissed all claims over which it has original jurisdiction," the Court "may decline to exercise supplemental jurisdiction" over state law claims. 28 U.S.C. §1367(c)(3).  Because the Court has granted summary judgment in favor of Defendants on all of the claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Roybal's remaining state-law claim and will remand Count III to state court.

IT IS ORDERED THAT Defendants Motion to Dismiss Counts I, II, and IV of First Amended Complaint For Failure To State A Claim And On The Ground Of Qualified Immunity is GRANTED and summary judgment will be entered in favor of Defendants as to Counts I, II, and IV of Roybal's Complaint.

IT IS FURTHER ORDERED THAT Count III of Roybal's Complaint will be remanded

to state court.

_____

SENIOR UNITED STATES DISTRICT COURT JUDGE